CILENTI & COOPER, PLLC
Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
200 Park Avenue – 17th Floor
New York, NY 10166
T. (212) 209-3933
F. (212) 209-7102
info@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------X

VIVIEN MORGAN, on behalf of herself and     :     Case No. 21-CV-7510
others similarly situated,     :

    :

    Plaintiff,     :     FLSA COLLECTIVE
    :     ACTION COMPLAINT

  -against-     :

    :

CRAVIN JAMAICAN CUISINE CORP. d/b/a     :     **Jury Trial**
CRAVIN JAMAICAN CUISINE, and     :     **Demanded**
PETER MURDOCK,     :

    :

    Defendants.     :

--------------------------------------------------------------------X

Plaintiff, VIVIEN MORGAN (hereinafter, "Plaintiff"), on behalf of herself and

other similarly situated employees, by and through her undersigned attorneys, Cilenti &

Cooper, PLLC, files this Complaint against defendants CRAVIN JAMAICAN CUISINE

CORP. and PETER MURDOCK states as follows:

## INTRODUCTION

1.      Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as

amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), she is entitled to recover from Defendants:

(a) unpaid overtime compensation, (b) liquidated damages, (c) compensatory and/or

punitive damages for Defendants' retaliatory conduct; (d) prejudgment and post-

judgment interest, and (e) attorneys' fees and costs.

2.     Plaintiff further alleges that, pursuant to the New York Labor Law, she is entitled to recover from Defendants: (a) unpaid overtime compensation, (b) liquidated and statutory damages pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act, (c) compensatory damages, punitive damages, and civil penalties for Defendants' retaliatory conduct, (d) prejudgment and post-judgment interest, and (e) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.     Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5.     Plaintiff is a resident of Dutchess County, New York.

6.     Defendant, CRAVIN JAMAICAN CUISINE CORP., is a domestic business corporation organized under the laws of the State of New York, with a principal place of business at 109 Main Street, Ossining, New York 10562.

7.     Defendant, CRAVIN JAMAICAN CUISINE CORP., owns and operates a Jamaican restaurant doing business as "Cravin Jamaican Cuisine" (the "Restaurant").

8.     Defendant, PETER MURDOCK, is the Chief Executive Officer and a shareholder of CRAVIN JAMAICAN CUISINE CORP., and as such, is an owner, director, supervisor, managing agent, and proprietor of CRAVIN JAMAICAN CUISINE

2

CORP., who actively participates in the day-to-day operation of the Restaurant and acted intentionally and maliciously and are employers pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and are jointly and severally liable with CRAVIN JAMAICAN CUISINE CORP.

9.      Defendant, PETER MURDOCK, exercises control over the terms and conditions of his employees' employment, in that he has the power to and does in fact: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) create and maintain employment records.

10.      At least within each of the three (3) most recent years relevant to the allegations herein, CRAVIN JAMAICAN CUISINE CORP. was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and has had an annual gross volume of sales of not less than $500,000.

11.      Defendants employed Plaintiff to work at the Restaurant as a non-exempt cook from in or about September 2018 until on or about August 13, 2021, at which time Plaintiff was wrongfully and unlawfully terminated from her employment after complaining directly to Defendant, PETER MURDOCK, about Defendants' failure to pay Plaintiff her overtime compensation.

12.     The work performed by Plaintiff was directly essential to the business operated by Defendants.

13.     Defendants knowingly and willfully failed to pay Plaintiff her lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

14.     Plaintiff has satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS

15.     At all times relevant hereto, Defendants' primary business was and is the sale of food and drink for consumption.

16.     CRAVIN JAMAICAN CUISINE CORP. constitutes a "restaurant" within the meaning of the New York Labor Law.

17.     Defendant, PETER MURDOCK, actively participates in the day-to-day operation of the Restaurant.  For instance, Mr. Murdock makes decisions as to the hiring and firing of employees, supervises and directs the work of the employees, and instructs the employees how to perform their jobs.

18.     Defendant, PETER MURDOCK, also creates and implements all business policies and makes all crucial business decisions, including those concerning the number of hours the employees work, the amount of pay that the employees are entitled to receive, and the manner and method by which the employees are to be paid.

19.     In or about September 2018, Defendants hired Plaintiff to work as a non-exempt cook.

20.     Neither at the time of hire, nor at any time thereafter did Defendants provide Plaintiff with a written wage notice identifying Plaintiff's regular hourly rate of pay and corresponding overtime rate of pay.

21.     Plaintiff continued to work for Defendants in that capacity until on or about August 13, 2021, at which time Plaintiff was wrongfully and unlawfully terminated from her employment after complaining directly to Defendant, PETER MURDOCK, about Defendants' failure to pay Plaintiff her overtime compensation.

22.     Defendant, PETER MURDOCK, unlawfully terminated Plaintiff after Plaintiff verbally complained about Defendants' failure to pay Plaintiff her rightfully owed overtime compensation.

23.     Plaintiff worked over forty (40) hours per week.

24.     Throughout the entirety of Plaintiff's employment, Plaintiff worked six (6) days per week and her work schedule consisted of eight (8) hours per day from 7:00 a.m. until 3:00 p.m.

25.     From the beginning of Plaintiff's employment in September 2018 and continuing through in or about May 2021, Plaintiff was not paid proper overtime compensation.  During this period, Plaintiff was paid, in cash, at the rate of $600 per week straight time for all hours worked and worked forty-eight (48) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

26.     Beginning in or about June 2021 and continuing through the remainder of Plaintiff's employment on or about August 13, 2021, Plaintiff was not paid proper overtime compensation.  During this period, Plaintiff was paid, in cash, at the rate of

$640 per week straight time for all hours worked and worked forty-eight (48) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

27.     Plaintiff was not required to punch a time clock or other time-recording device at the beginning and end of her daily work shift.

28.     Defendants failed to provide Plaintiff with a written weekly wage statement upon paying Plaintiff her wages, which set forth Plaintiff's gross pay, deductions, and net pay.

29.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

30.     At all relevant times, upon information and belief, and during the course of Plaintiff's employment, Defendants failed to maintain accurate and sufficient wage and hour records.

## COLLECTIVE ACTION ALLEGATIONS

31.     Plaintiff brings this action individually and as class representative on behalf of herself and all other current and former non-exempt employees who have been or were employed by Defendants between September 8, 2018 and the close of the opt-in period as ultimately set by the Court (the "Collective Action Period"), and who were compensated at rates less than the statutory overtime rate of time and one-half for all

hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

32.     The collective action class is so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than twenty (20) Collective Action Members who worked for Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims.  Therefore, Plaintiff submits that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

33.     Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation.  Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

34.     This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

35.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.

Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

36.     Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

> a.     Whether Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA;
>
> b.     Whether Defendants failed to keep true and accurate wage and hour records for all hours worked by Plaintiff and the Collective Action Members;
>
> c.     What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;
>
> d.     Whether Defendants failed to pay Plaintiff and the Collective Action Members overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;
>
> e.     Whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA; and,

f.      Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, attorneys' fees, and costs and disbursements.

37.     Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

38.     Plaintiff and others similarly situated have been substantially damaged by Defendants' wrongful conduct.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

39.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "38" of this Complaint as if fully set forth herein.

40.     At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and the Collective Action Members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

41.     At all relevant times, Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA.

42.     Upon information and belief, at least within each of the three (3) most recent years relevant to the allegations herein, CRAVIN JAMAICAN CUISINE CORP. has had gross revenues in excess of $500,000.

43.     Plaintiff and the Collective Action Members are entitled to be paid at the rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

44.     Defendants failed to pay Plaintiff and the Collective Action Members overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

45.     At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and the Collective Action Members for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

46.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and the Collective Action Members at the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of overtime compensation would financially injure Plaintiff and the Collective Action Members.

47.     As a result of Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiff and the Collective Action Members, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

48.     Defendants failed to properly disclose or apprise Plaintiff and the Collective Action Members of their rights under the FLSA.

49.     As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff and the Collective Action Members are entitled to liquidated damages pursuant to the FLSA.

50.     Due to Defendants' reckless, willful and unlawful acts, Plaintiff and the Collective Action Members suffered damages in an amount not presently ascertainable of unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

51.     Plaintiff and the Collective Action Members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

52.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "51" of this Complaint as if fully set forth herein.

53.     Defendants employed Plaintiff within the meaning of New York Labor Law §§ 2 and 651.

54.     Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek.

55.     Defendants failed to properly disclose or apprise Plaintiff of her rights under the New York Labor Law.

56.     Defendants failed to furnish Plaintiff with a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 146-2.3.

57.     Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

58.     Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law § 194(4), and New York State Department of Labor Regulations § 146-2.1.

59.     Neither at the time of her hiring, nor at any time thereafter, did Defendants notify Plaintiff of her hourly rate of pay, corresponding overtime rate of pay, and her regularly designated payday, in contravention of New York Labor Law § 195(1).

60.     Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants her unpaid overtime compensation, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law §§ 663(1), 198.

61.     Plaintiff is also entitled to liquidated damages pursuant to New York Labor Law § 663(1), as well as statutory damages pursuant to the New York State Wage Theft Prevention Act.

## COUNT III
### [Retaliation Under the Fair Labor Standards Act]

62.    Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "61" of this Complaint as if fully set forth herein.

63.    Defendant, PETER MURDOCK, fired Plaintiff for complaining about not being compensated for her overtime hours worked.

64.    As such, Defendants retaliated against Plaintiff for seeking her unpaid wages under the FLSA, which constitutes retaliatory conduct that would have a chilling effect on the assertion by employees of their federal rights under the FLSA.

65.    Defendants' actions constitute a violation of Section 15(a)(3) of the FLSA. 29 U.S.C. § 215(a)(3).

66.    Due to Defendants' retaliatory conduct, Plaintiff is entitled to recover from Defendants compensatory damages, liquidated and/or punitive damages, and statutory damages pursuant to the FLSA.

## COUNT IV
### [Retaliation Under the New York Labor Law]

67.    Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "66" of this Complaint as if fully set forth herein.

68.    Defendant, PETER MURDOCK, fired Plaintiff for complaining about not being compensated for her overtime hours worked.

69.    As such, Defendants retaliated against Plaintiff for seeking her unpaid wages under the New York Labor Law, which constitutes retaliatory conduct that would have a chilling effect on the assertion by employees of their state rights under the Labor Law.

70.     Defendants' actions constitute a violation of New York Labor Law § 215(1).

71.     Due to Defendants' retaliatory conduct, Plaintiff is entitled to recover from Defendants compensatory damages, liquidated damages, and civil penalties pursuant to the New York Labor Law.

## **PRAYER FOR RELEIF**

**WHEREFORE**, Plaintiff VIVIEN MORGAN, on behalf of herself and all similarly situated Collective Action Members, respectfully request that this Court grant the following relief:

(a)     An award of unpaid overtime compensation due under the FLSA and New York Labor Law;

(b)     An award of liquidated damages as a result of Defendants' failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

(c)     An award of liquidated damages as a result of Defendants' failure to pay overtime compensation pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

(d)     An award of statutory damages for Defendants' failure to provide wage notices and wage statements pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

(e)     An award of compensatory damages, liquidated and/or punitive damages, and civil penalties as a result of the Defendants' retaliatory conduct under the FLSA and New York Labor Law;

(f)     An award of prejudgment and post-judgment interest;

14

(g)     An award of costs and expenses associated with this action, together with

        reasonable attorneys' and expert fees; and

(h)     Such other and further relief as this Court determines to be just and proper.

### JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands

trial by jury on all issues.

Dated: New York, New York
       September 8, 2021

                                        Respectfully submitted,

                                        CILENTI & COOPER, PLLC
                                        *Attorneys for Plaintiff*
                                        200 Park Avenue – 17th Floor
                                        New York, New York 10166
                                        T. (212) 209-3933
                                        F. (212) 209-7102


                                        By: _____
                                            Giustino (Justin) Cilenti (GC2321)

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, Vivien Morgan, am an individual currently or formerly employed by Cravin Jamaican Cuisine, and/or related entities.   I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
        August 18, 2021

Vivien Morgan